**WO** LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cyeheim Collins,<br><br>                Plaintiff,<br><br>vs.<br><br>Joseph Arpaio,<br><br>                Defendant. | No. CV 05-3982-PHX-MHM (VAM)<br><br>**ORDER** |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] Plaintiff is a state prisoner at the Arizona State Prison Complex in Buckeye, Arizona, though his action concerns the Durango Jail. The Court will require an answer to the Complaint.

**A.     Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. An initial partial filing fee of $6.97 (based on an average monthly

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

1 deposit of $34.85) will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate
2 order, the Court will direct the appropriate agency to collect the initial partial filing fee from
3 Plaintiff's trust account and forward it to the Clerk of Court.

4       Plaintiff will be obligated for monthly payments of 20 percent of the preceding
5 month's income credited to Plaintiff's trust account. The Court will direct the appropriate
6 agency to collect these monthly payments, which will be forwarded to the Clerk of Court
7 each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.
8 28 U.S.C. § 1915(b)(2). Plaintiff should take notice that if he is released before the filing fee
9 is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of
10 the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days
11 of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in
12 writing, why he is unable to pay the remainder of the filing fee.

13 **B.**     **<u>Statutory Screening of Prisoner Complaints</u>**

14       The Court is required to screen complaints brought by prisoners seeking relief against
15 a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
16 § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
17 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
18 may be granted, or that seek monetary relief from a defendant who is immune from such
19 relief. 28 U.S.C. § 1915A(b)(1), (2).

20 **C.**     **<u>Complaint</u>**

21       In his Complaint Plaintiff alleges that the Durango Jail was unsanitary due to
22 overflowing toilets, that he was served food that was unfit for consumption due to mice feces,
23 and that his sleeping area was so overrun with insects and vermin that he was unable to sleep.
24 Plaintiff asserts that Defendant Maricopa County Sheriff Joseph Arpaio created and
25 maintained the policies and customs that caused the conditions, and that the sheriff was
26 personally involved in the serving of unfit food and infestation of insects and vermin. These
27 allegations adequately state a claim, and the Court will require an answer to the Complaint.
28

1     **D.**     **Rule 41 Cautionary Notice**

2     Plaintiff should take notice that if he fails to timely comply with every provision of
3 this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
4 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-
5 61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the
6 Court), cert. denied, 506 U.S. 915 (1992).

7     **IT IS THEREFORE ORDERED THAT:**

8     (1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28
9 U.S.C. § 1915(a)(1).

10     (2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  An
11 initial partial filing fee in the amount of $6.97 is assessed.  All fees shall be collected and
12 paid in accordance with this Court's Order to the appropriate government agency filed
13 concurrently herewith.

14     (3) The Clerk of Court shall send Plaintiff a service packet including the Complaint,
15 this Order, and both summons and request for waiver forms for Defendant Arpaio.

16     (4)  Plaintiff shall complete and return the service packet to the Clerk of Court within
17 20 days of the date of filing of this Order.  The United States Marshal will not provide
18 service of process if Plaintiff fails to comply with this Order.

19     (5) If Plaintiff does not either obtain a waiver of service of the summons or complete
20 service of the Summons and Complaint on each Defendant within 120 days of the filing of
21 the complaint or within 60 days of the filing of this Order, whichever is later, the action may
22 be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of
23 Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

24     (6)  The United States Marshal shall retain the Summons, a copy of the Complaint,
25 and a copy of this Order for future use.

26     (7) The United States Marshal shall notify Defendant of the commencement of this
27 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
28 Rules of Civil Procedure.  The notice to Defendant shall include a copy of this Order.  The

1 Marshal shall file waivers of service of the summons or requests for waivers that were
2 returned as undeliverable as soon as they are received.  If a waiver of service of summons
3 is not returned by a Defendant within thirty days from the date the request for waiver was
4 sent by the Marshal, the Marshal shall:

5     (a) Personally serve copies of the Summons, Complaint, and this Order upon the
6     Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

7     (b) Within 10 days after personal service is effected, file the return of service for
8     the Defendant, along with evidence of the attempt to secure a waiver of service of the
9     summons and of the costs subsequently incurred in effecting service upon the
10     Defendant.  The costs of service shall be enumerated on the return of service form
11     (USM-285) and shall include the costs incurred by the Marshal for photocopying
12     additional copies of the Summons, Complaint, or this Order and for preparing new
13     process receipt and return forms (USM-285), if required.  Costs of service will be
14     taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the
15     Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

16 (8) **A Defendant who agrees to waive service of the Summons and Complaint**
17 **shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

18 (9)  Defendant shall answer the Complaint or otherwise respond by appropriate
19 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
20 Rules of Civil Procedure.

21 (10) Any answer or responsive pleading shall state the specific Defendant(s) by name
22 on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other
23 motion or paper that does not identify the specific Defendant(s) by name on whose behalf
24 it is filed.

25 (11) Plaintiff shall serve upon Defendant, or if appearance has been entered by
26 counsel, upon counsel, a copy of every further pleading or other document submitted for
27 consideration by the Court.  Plaintiff shall include with the original document and copy, to
28 be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of

1  the pleading or document was mailed to Defendant or counsel.  Any paper received by a
2  District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court
3  may be disregarded by the Court.

4  (12) At all times during the pendency of this action, Plaintiff shall immediately advise
5  the Court and the United States Marshal of any change of address and its effective date.
6  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall
7  contain only information pertaining to the change of address and its effective date. Plaintiff
8  shall serve a copy of the notice on all opposing parties. The notice shall not include any
9  motions for any other relief. Failure to file a Notice of Change of Address may result in the
10 dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules
11 of Civil Procedure.

12 (13) A clear, legible copy of every pleading or other document filed shall accompany
13 each original pleading or other document filed with the Clerk for use by the District Judge
14 or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement
15 may result in the pleading or document being stricken without further notice to Plaintiff.

16 (14) This matter is referred to Magistrate Judge Virginia A. Mathis under Local Rules
17 of Civil Procedure 72.1 and 72.2 for further proceedings.

18 DATED this 17th day of April, 2006.

_____
Mary H. Murgula
United States District Judge

TERMPSREF

- 5 -