**WO**  LMH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cyeheim Collins, | No. CV 05-3982-PHX-MHM (VAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

In this civil rights action brought by a state prisoner, Defendant moved to dismiss for lack of exhaustion (Doc. #6). Plaintiff failed to respond, although he was informed of his rights and obligations to do so (Doc. #7). The Court will grant the motion to dismiss.

**I. Exhaustion**

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Ngo v. Woodford, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to

decide disputed issues of fact. <u>Wyatt</u>, 315 F.3d at 1119-20. A court has broad discretion as to the method to be used in resolving the factual dispute. <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

## II. Analysis

In his Complaint, Plaintiff brought three counts about unsanitary conditions at the Durango Jail (Doc. #6 at 4-6). For each count, he alleged that he filed "paperwork concerning complaints," but he was told that nothing would be changed, and he received no response (<u>Id.</u>). The Court required Defendant Maricopa County Sheriff Joseph Arpaio to answer (Doc. #3).

Defendant Arpaio moved to dismiss for lack of exhaustion, relying upon the affidavit of Sergeant Zelean Tademy, a Hearing Officer for inmate discipline and grievances. Tademy asserts that the records show that Plaintiff did not file any grievances before filing his Complaint (Tademy Aff. ¶ 5, Ex. 2, Doc. #6).

Plaintiff was issued an Order containing the customary warnings regarding his obligation to respond and the potential consequences for failing to do so (Doc. #7). He was specifically informed that if he failed to produce copies of his grievances or other admissible evidence to show that he exhausted, his action would be dismissed (<u>Id.</u> at 2).

Plaintiff still failed to respond. He did not file copies of the "paperwork" that he alleged he filed, and thus he did not rebut Defendant's evidence that there are no grievances on file. On this record, Defendant has met his burden of demonstrating the absence of exhaustion, and the Court will grant his motion to dismiss.

## II. Lack of a Response

Alternately, the Court has the discretion under Rule 7.2(i) of the Local Rules of Civil Procedure to deem Plaintiff's lack of response as consent to Defendant's motion to dismiss. Plaintiff was warned of this possibility (Doc. #7). The Ninth Circuit Court of Appeals has upheld a dismissal based on a failure to comply with a similar local rule in the District of Nevada. <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995). Before dismissal on this basis, the court must weigh (1) the public's interest in expeditious resolution of litigation,

1  (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the
2  public policy favoring disposition of cases on their merits, and (5) the availability of less
3  drastic sanctions. Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.
4  1986)). If the court does not consider these factors, the record may be reviewed
5  independently on appeal for abuse of discretion. Henderson, 779 F.2d at 1424.

6        The first two factors do not favor Plaintiff, as dismissal favors judicial economy.
7  There is no risk of prejudice to Defendant to resolve the motion in his favor. The fourth
8  factor of favoring disposition of cases on their merits weighs in favor of Plaintiff, and for the
9  fifth factor, dismissal without prejudice is the least drastic sanction. In light of the overall
10 five-factor analysis weighing in Defendant's favor, the Court will deem Plaintiff's lack of
11 a response as a consent and dismiss the action without prejudice.

12       **IT IS ORDERED** that Defendant Arpaio's motion to dismiss (Doc. #6) is **granted**.
13 Plaintiff's action is dismissed without prejudice for lack of exhaustion or alternately, for
14 failure to respond. The Clerk of Court shall enter a judgment of dismissal accordingly.

15       DATED this 25th day of September, 2006.

_____
Mary H. Murguia
United States District Judge